Alberto **CARBALLO–GALINDO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73563.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.[*]

Filed Nov. 9, 2006.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alberto Carballo–Galindo, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Alberto Carballo–Galindo, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") summarily affirming without opinion an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir. 2004). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the adverse credibility finding because Carballo–Galindo's testimony was inconsistent. *Cf. Vera–Villegas v. INS*, 330 F.3d 1222, 1231–34 (9th Cir.2003). For instance, Carballo–Galindo testified that between 1989 and 1992 or 1993 he lived with his wife's relatives on Maple Street, and then rented a room on Washington Street in 1992 or 1993. He then testified inconsistently that his wife entered the United States in 1990, that when she arrived they lived together in the rented room on Washington Street, and that he could not remember if they had lived together for two or three years with her relatives on Maple Street before moving into the rented room. He was also unable to recall whether he worked for his first employer in the United States in 1989 to 1992, or in 1993 and 1994. Because his testimony was inconsistent, the IJ properly concluded that Carballo–Galindo did not

---

meet his burden to establish his continuous physical presence in the United States after June 12, 1991. *See* 8 U.S.C. § 1229b(b)(1)(A).

■ The IJ granted voluntary departure for a 60 day period, but the BIA streamlined the appeal and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held that "because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore grant in part the petition for review and remand to the agency for further proceedings with respect to voluntary departure.

We deny as moot respondent's late motion to correct the deficient brief.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.